UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN DOE, | § |
| *Plaintiff,* | § § § |
| v. | §   CASE NO: 1:21-CV-541-RP |
| SOUTHWESTERN UNIVERSITY and SHELLEY STORY, | § § § § |
| *Defendants.* | § § |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Defendant Southwestern University ("Southwestern" or the "University") respectfully asks this court to deny Plaintiff's request[1] for a preliminary[2] injunction—an extraordinary remedy reserved for exceptional cases in limited circumstances. This is not such a case. Indeed, for reasons discussed in more detail below, the circumstances in which Plaintiff has made his request weigh heavily against the issuance of an injunction.

**I.    Preliminary Injunctions are a Disfavored, Extraordinary Remedy.**

The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits. *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 441 F.2d 560, 561 (5th Cir. 1971). Plaintiff does not seek to preserve the status quo via injunction; rather, Plaintiff asks this

---

[1] This Motion was not served on undersigned counsel; nevertheless, Defendant files this Opposition out of an abundance of caution.

[2] Plaintiff has titled his pleading as a "Motion for Preliminary **and Permanent** Injunction." Defendant believes this is an error as his briefing focuses exclusively on the standard for preliminary injunctions. The elements of a permanent injunction are essentially the same as those for a preliminary injunction "with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987). To the extent Plaintiff is also seeking a permanent injunction, Defendant notes he has clearly fallen well short of showing actual success on the merits.

Court to compel Southwestern to vacate his expulsion, require Southwestern to immediately return him to campus, and force Southwestern to remove all record of Plaintiff's expulsion from his academic record.

To prevail on his request for preliminary injunction, Plaintiff must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Tex. Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (per curiam) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)). A preliminary injunction is an extraordinary remedy; it should not be granted unless the movant clearly satisfies all four requirements. *Planned Parenthood Ass'n of Hidalgo Cty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012). Additionally, where, as here, Plaintiff seeks to **alter the status quo** as opposed to preserve it, Fifth Circuit precedent is clear that a preliminary injunction "is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Roark v. Individuals of Fed. Bur. of Prisons, Former and Current*, 558 Fed. Appx. 471, 472 (5th Cir. 2014) (*quoting Martinez v. Mathews* 544 F.2d 1233, 1243 (5th Cir.1976)); *see also Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258–59 (10th Cir. 2005); *Tom Doherty Associates Inc. v. Saban Entm't Inc.*, 60 F.3d 27, 34 (2d Cir. 1995). As discussed below, the facts and law do not "clearly favor" Plaintiff in this case.

### II.     Plaintiff Has Failed to Plead and is Unable to Show Substantial Likelihood of Success on the Merits

In order to show a likelihood of success, Plaintiff must, at a minimum, "present a prima facie case." *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences*, L.L.C., 710 F.3d 579, 582 (5th Cir. 2013). Here, Defendants filed a 12(b)(6) motion to dismiss all of Plaintiff's claims,

which is currently pending with the Court. *See* Dkt. No. 21, Exhibit B. Defendants have set forth in detail the reasons Plaintiff has failed to state a claim, and incorporates by reference all of the arguments made in its Motion to Dismiss here, in particular:

1. Plaintiff's Title IX claim is baseless because he has failed to adequately plead that he was discriminated against because of his sex. *See* Dkt. No. 21, Ex. B at 7–6

2. Plaintiff's breach of contract claim is baseless if for no other reason than the University complied with all aspects of its Student Sexual Misconduct Policy. *See* Dkt. No. 21, Ex. B at 16–18.

3. Plaintiff's claim of breach of the implied covenant of good faith and fair dealing is barred by binding Fifth Circuit precedent. *See* Dkt. No. 21, Ex. B at 18.

4. Plaintiff's claim of intentional infliction of emotional distress is baseless as Plaintiff has failed to assert extreme and outrageous conduct or that he has suffered severe emotional distress. *See* Dkt. No. 21, Ex. B at 18–21.

5. Plaintiff's negligence claim is baseless if for no other reason than Plaintiff has failed to identify a duty supported by Texas precedent that was owed to him and that Defendant failed to honor. *See* Dkt. No. 21, Ex. B at 21–24.

Put simply, not only has Plaintiff failed entirely to demonstrate a "substantial likelihood" of succeeding on his claims, all of Plaintiff's claims are due to be dismissed as a matter of law.

### III.   Plaintiff Cannot Show Irreparable Injury.

A plaintiff seeking a preliminary injunction must show that irreparable injury will occur during the pendency of the litigation unless a preliminary injunction issues. *Justin Inds., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 (5th Cir. 1990). A harm is irreparable where there is no adequate remedy at law, such as monetary damages. *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir.

2011). A showing of a speculative injury is not sufficient; there must be more than an unfounded fear. *Id*. (*citing Carter v. Heard*, 593 F.2d 10, 12 (5th Cir. 1979)).

Plaintiff cites a footnote **in the dissent** of a Fifth Circuit opinion in support of the proposition that a "lost opportunity to continue with post-secondary education, coupled with the possibility that a student may be unable to pursue meaningful educational opportunities elsewhere while his name remains associated with sexual misconduct, inevitably affects professional prospects and cannot be compensated with monetary damages."[3] In any event, that footnote in Judge Edith Jones' dissent was used to support her argument that public university students were entitled to heightened due process protections, not that such damages were irreparable for purposes of considering whether to issue a preliminary injunction. *Plummer*, 860 F.3d at 782.

The court's decision in *Pham v. Univ. of Louisiana at Monroe*,[4] is instructive here. In *Pham*, an expelled pharmacy student brought a lawsuit against his university for the failure to comply with due process before his expulsion. *Pham*, 194 F.Supp.3d at 548. He also requested a preliminary injunction. The district court found that since plaintiff had already been expelled at the time he filed his suit, there was "no threat of irreparable injury or reason to preserve the status quo because the status quo is not what is desired" and "[t]his weighs against granting a preliminary injunction." *Id*. at 548. (citing *Mountain Med. Equip., Inc. v. Healthdyne, Inc.*, 582 F.Supp. 846, 848 (D.Colo.1984)) ("Harm that has already occurred cannot be remedied by an injunction."); *see also Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009) ("We have cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four

---

[3] *See* Dkt. No. 7-2 at 23 (quoting *Plummer v. Univ. of Houston*, 860 F.3d 767, 782 n.10 (5th Cir. 2017) (Edith, J., dissenting) (citation omitted).
[4] 194 F. Supp.3d 534 (W.D. La. 2016), *aff'd sub nom. Dung Quoc Pham v. Blaylock*, 712 Fed. Appx 360 (5th Cir. 2017).

requirements.") (*quoting Lake Charles Diesel Inc., v. Gen. Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003)).

Despite Plaintiff's assertions that "lost opportunity to continue with post-secondary education, coupled with the possibility that a student may be unable to pursue meaningful educational opportunities elsewhere while his name remains associated with sexual misconduct, inevitably affects professional prospects and cannot be compensated with monetary damages,"[5] the Fifth Circuit has never recognized irreparable harm under such circumstances, *see generally Doe v. Louisiana State University*, No. 20-00379-BAJ-SDJ, 2020 WL 4193473, at *7 (M.D. La. July 21, 2020), and courts across the country addressing the issue have rejected this proposition as speculative, *see, e.g.*, *Doe v. Texas A&M University*, No. H-20-4332, 2021 WL 257059, at *7–*8 (S.D. Tex. 01/26/2021) (slip op.) (rejecting Plaintiff's request for preliminary injunction in Title IX case and holding that ability to graduate on a particular timeframe and potential harm to "future educational and employment practice" are speculative and insufficient to meet the irreparable harm element of an injunction claim); *see also id.* at *8 n.1 (collecting numerous cases in federal courts across the country rejecting nearly identical claims for injunctive relief). Notably, as the court explained in *Doe v. A&M*, should Plaintiff ultimately prevail in this suit, any alleged injuries are "compensable with monetary damages." *See id.* at *7. ("Many courts have found that similar harms are compensable in damages.") (citing *Hodges v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, No. CV 20-1456, 2020 WL 5017665, at *4 (E.D. La. Aug. 25, 2020) ("Numerous courts have reached the same conclusion in . . . cases involving delayed education and potential reputational damage, finding that the delay was compensable and the reputational damage was compensable and/or speculative."); *Caiola v. Saddlemire*, 2013 WL 1310002, at *2

---

[5] Dkt. No. 7-2 at 23.

(D. Conn. Mar. 27, 2013) (rejecting the plaintiff's claim that stigma of expulsion could interfere with his career as "speculative" and noting that "[i]n order to demonstrate that he will suffer irreparable injury, plaintiff must show that a monetary award will not adequately compensate him for his injuries")).

Ultimately, while Plaintiff "will likely suffer educational delay and resulting harm while this case is adjudicated on the merits, [] that harm is compensable in damages," and therefore Plaintiff failed to show that he will suffer an irreparable injury warranting a preliminary injunction. *See id.* at *8.

## IV. Denial of the Injunction Serves the Public Interest.

Any alleged harm that Doe may suffer as a result of denial of his motion is not only not irreparable, but "does not outweigh the harm to the University and the public interest that would result from undermining the result" of Southwestern's disciplinary proceedings. *Doe v. A&M*, 2021 WL 257059, at *8. As explained in Defendants' Motion to Dismiss, Southwestern is a private, selective institution that has crafted rules it expects all of its community members to comply with as well as processes for the University to assess when and whether those rules have been violated. In large measure, these conduct standards are reflective of community and institutional values; however, with respect to sexual misconduct, they are also obviously reflective of legitimate concerns regarding the safety of the University community. This latter concern is especially significant in Texas as has been memorialized in various state laws which identify effectively dealing with campus sexual misconduct as a public policy priority for universities in the state. *See* Tex. Edu. Code §§ 51.251–.260 ("Reporting Incidents of Sexual Harassment, Sexual Assault, Dating Violence, and Stalking"); 51.281–.295 ("Sexual Harassment, Sexual Assault, Dating Violence, and Stalking"); *c.f. Doe v. Louisiana State Univ.*, 2020 WL 4193473, at *5

("[T]he University has a strong interest in the educational process, including maintaining a safe learning environment for all its students, while preserving its limited resources.") (citing *Doe v. Univ. of Mississippi*, 361 F.Supp.3d 597 (S.D. Miss. 2019), quoting *Doe v. Cummings*, 662 F. App'x 437, 466 (6th Cir. 2016)).

Here, Compelling the University to immediately return a student it determined engaged in serious sexual misconduct in violation of the University's conduct rules would undermine the University's right to police its own community, potentially endanger the safety of other students on campus, and would run afoul of the spirit of Texas legislative efforts to curb campus sexual violence. The balance of interests thus weighs in favor of denial of Plaintiff's motion.

## V.   Conclusion

For the foregoing reasons, Plaintiff's motion for a preliminary and/or permanent junction should be denied.

Respectfully submitted,
**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)

By: */s/ Scott D. Schneider*
    Samuel P. Rajaratnam
    Texas Bar No. 24116935
    sammy.rajaratnam@huschblackwell.com
    Paige C. Duggins-Clay
    Texas Bar No. 24105825
    paige.duggins-clay@huschblackwell.com
    Scott D. Schneider*
    Texas Bar No. 24054023
    scott.schneider@huschblackwell.com
    *Pending Pro Hac Vice Admission*

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 14th day of July, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David Kenneth Sergi (No. 18036000)
Katherine Frank (No. 24105630)
Sergi and Associates P.C.
329 S. Guadalupe St.
San Marcos, TX 78666

Susan C. Stone
Kristina W. Supler
KOHRMAN JACKSON & KRANTZ, LLP
1375 E. 9th Street, 29th Floor
Cleveland, OH 44114

                                                 */s/ Scott D. Schneider*
                                                 Scott D. Schneider